## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JP MORGAN CHASE BANK N A,** | § | |
| | § | |
| **Appellant,** | § | |
| **VS.** | § | **CIVIL ACTION NO. H-08-3652** |
| | § | |
| **ALFONSO VASQUEZ RAMIREZ** | § | |
| | § | |
| **Appellee.** | § | |

## MEMORANDUM AND ORDER

Before the Court is what originated as a Motion for Relief from Stay filed by a secured creditor in a bankruptcy proceeding. The Motion led to discovery requests that eventually produced an order of contempt requiring payment to the debtors by the creditor of $500 a day, or more than $90,000 to date. The secured creditor is JP Morgan Chase Bank, N.A ("Chase"), and the debtors are Alfonso Vasquez Ramirez and Gladys O. Rubio ("Debtors"), who filed  under Chapter 7 of the Bankruptcy Code, and converted to Chapter 13. For the reasons that follow, additional findings of fact and conclusions of law are necessary.

## I.    JURISDICTION

The parties disagree as to whether this Court can properly assume jurisdiction of the issues that divide them. Chase contends that it can appeal of right, but has also sought leave to file an interlocutory appeal. Debtors contend that any appeal is premature.

This Court does not believe the dispute should turn on jurisdiction. It proceeds, instead, on a partial withdrawal of the reference for the sole purpose of entering this Memorandum and Order.

## II.    THE CONTEMPT ORDER

The following is not contested. Chase's Motion for Relief from Stay was filed in January 2008 and denied in May 2008. The debt owed by Debtors to Chase was, at all material times, less than $40,000. The day after Chase's Motion was denied Debtors filed a Motion for Disclosure requesting the Bankruptcy Court to order Chase to produce certain documents. In July 2008, the Court entered its Order for Disclosure, requiring Chase to disclose information and documents to Debtors by August 2, 2008. On August 20, 2008, Debtors filed a Motion for Contempt since the Order for Disclosure had not been complied with.

On October 3, 2008, a hearing was held on Chase's failure to disclose. The Bankruptcy Court orally granted Debtors' request for production of documents, including documents that had not previously been sought. The Court ruled that Debtors were entitled to $500.00 per day in sanctions beginning October 11 if Chase failed to produce the documents in question or an affidavit from Chase stating that the documents did not exist. On October 15, 2008, the Bankruptcy Court memorialized its oral ruling by signing an Order Granting Motion for Contempt. The order had been prepared by Debtors' counsel.

In this Court, Chase is represented by counsel different from counsel who had represented it in Bankruptcy Court.

## III.    THE ADDITIONAL INFORMATION THAT IS NEEDED

This is clearly an instance in which the adversarial process has not worked as it should. The sanctions ordered against Chase, which continue to accrue, are now more than twice the principal amount of Chase's claim against Debtors. Moreover, Debtors continue to assert that they have not received all of the discovery that they need.

-2-

This Court is not, however, able to perform an informed review of the proceedings that led to the present circumstance.  Accordingly, the Court must refer the matter back to the Bankruptcy Court to enable it to conduct whatever additional proceedings are needed to determine the following:

1.  Does $500 a day in sanctions represent an amount reasonably calculated to make Debtors whole for the damages they have suffered from Chase's failure to produce requested discovery?  If not, what amount would be reasonably calculated to make Debtors whole for said damages?

2.  If the $500 a day in sanctions entered against Chase is not reasonably calculated to make Debtors whole, but is instead intended as punishment of Chase, should said amount be paid into the Court rather than to Debtors?

3.  Is there a discrepancy between the Bankruptcy Court's oral ruling on or about October 3, 2008, and the writing signed on or about October 15?  If so, should the discrepancy be rectified?

4.  When was the first time that Chase was compelled to produce "all available reports related to the Debtors' mortgage"?  Why do Debtors' need all such available reports?

## IV.   CONCLUSION

This Court is hopeful that the parties and the Bankruptcy Court can resolve all issues that separate the parties without further involvement of this Court.  If that does not happen, however, this Court will again withdraw the reference for the limited purpose of revisiting the matters addressed herein.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 23rd day of April 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE